Blake L. Harrop
Chadwick O. Brooker
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004 (phone)
(312) 793-3891 (phone)
(312) 814-4209 (fax)
bharrop@atg.state.il.us
cbrooker@atg.state.il.us

*Counsel for the State of Illinois*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| | No. CV-07-5944-SC<br>MDL No. 1917 |
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To All Actions | **State of Illinois' Motion to Intervene**<br><br>Date: May 4, 2011<br>Time: 2:00 PM<br>Court: Two Embarcadero Center, Ste. 1500<br>Judge: Hon. Charles A. Legge (Ret.) |

**NOTICE OF MOTION AND MOTION TO INTERVENE**

PLEASE TAKE NOTICE that on May 4, 2011, at 2:00 pm or as soon thereafter as the matter may be heard, the State of Illinois, through its Attorney General, will present this Motion at Two Embarcadero Center, Ste. 1500, San Francisco, California, before the Honorable Charles A. Legge (Ret.).

This motion is brought pursuant to F.R.C.P. 24(a) and (b) for an order granting the State of Illinois permission to intervene in this action for the limited purpose of opposing the Motion for Preliminary Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd. to the extent it purports to release damages claims of Illinois indirect purchasers.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Facts

The Illinois Attorney General is investigating whether certain of the defendants in this action have violated the Illinois Antitrust Act.[1] The Illinois Antitrust Act provides that only the Illinois Attorney General may bring an action for damages on behalf of indirect purchasers.[2] As a result, the private class plaintiffs cannot adequately represent the antitrust damages claims of Illinois indirect purchasers. Nevertheless, the indirect-purchaser plaintiffs ("IPPs") now ask this Court to approve a settlement which purports to release those claims.

## II.   Argument

The State of Illinois seeks to intervene to oppose the proposed settlement between the IPPs and Chunghwa Picture Tubes, Ltd. to the extent the settlement purports to release damages claims of Illinois indirect purchasers. This Court should allow Illinois to intervene (1) as a matter of right under Federal Rule of Civil Procedure 24(a), and (2) permissively under Rule 24(b).

Rule 24(a) allows a person to intervene in an action as a matter of right.[3] In the Ninth Circuit, a third party may intervene as of right by showing "timeliness; an interest relating to the subject of the action; practical impairment of the party's ability to protect that interest; and inadequate representation by the parties to the suit."[4]

---

[1] 740 Ill. Comp. Stat. § 10/1 *et seq.*

[2] 740 Ill. Comp. Stat. § 10/7(2).

[3] F.R.C.P. 24(a).

[4] *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); *see also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983); *LG Electronics Inc. v. Q-lity Computer Inc.*, 211 F.R.D. 360, 366 (N.D. Cal. 2002). *LG Elecs. Inc. v. Qlity Computer Inc.*, 211 F.R.D. 360, 366 (N.D. Cal. 2002).

The State of Illinois meets the criteria for intervention as a matter of right. Illinois raised its objections and filed its motion to intervene at the earliest practical time after learning that the private plaintiffs were seeking to release the indirect-purchaser claims of Illinois' residents. The Illinois Attorney General is designated by the state legislature as the only party authorized to pursue and recover indirect-purchaser damages on behalf of the state's residents. The private plaintiffs lack standing to pursue such claims as a matter of law. Finally, releasing all of Illinois citizens' indirect-purchaser claims could deny them their lawful recovery for antitrust damages.

This Court should permit Illinois to intervene under Rule 24(b), as well. Rule 24(b) permits a person to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact."[5] Generally, permissive intervention requires: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law or fact between the person's claim or defense and the main action.[6]

The State of Illinois meets the criteria for permissive intervention. This court has jurisdiction over the class settlement. Illinois raised its objections and filed its motion to intervene at the earliest practical time after learning that the private plaintiffs were seeking to settle the indirect purchaser claims of Illinois' citizens. The State seeks to intervene as the exclusive lawful representative for the indirect-purchaser damages claims and to protect those claims for its citizens, as intended by the state legislature.

## III. Conclusion

The State of Illinois asks this Court to grant it leave to intervene in this action for the purpose of opposing the proposed settlement class and to ensure that the rights of Illinois residents are adequately protected.

---

[5] F.R.C.P. 24(b)(1)(B).

[6] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

1

DATED: April 27, 2011                    Respectfully submitted,

2

3                                        LISA MADIGAN,
                                         Attorney General of Illinois

4

5                                        By: /s/ Chadwick O. Brooker
                                         Chadwick O. Brooker
6                                        Assistant Attorney General
                                         Antitrust Bureau
7                                        Office of the Illinois Attorney General
                                         100 W. Randolph Street
8                                        Chicago, Illinois 60601
9                                        (312) 793-3891
                                         cbrooker@atg.state.il.us
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26