UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC *CAL* |
| ALL DIRECT PURCHASER ACTIONS | |
| | Date:  December 17, 2012<br>Time:  10:00 a.m.<br>Judge: Honorable Charles A. Legge (Ret.)<br>JAMS: Two Embarcadero Center, Suite 1500 |

1    On November 26, 2012, Direct Purchaser Plaintiffs filed a Motion for Final Approval of
2  Class Action Settlement with Defendants Panasonic Corporation (f/k/a Matsushita Electric
3  Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.,
4  (collectively, "Panasonic"). The settlement also releases Defendant Beijing Matsushita Color CRT
5  Co., Ltd. ("BMCC"). The Court, having reviewed the motion, the two settlement agreements, the
6  pleadings and other papers on file in this action, and the statements of counsel and the parties,
7  hereby finds that the motion should be GRANTED.
8    NOW, THEREFORE, IT IS HEREBY ORDERED THAT:
9    1.    The Court has jurisdiction over the subject matter of this litigation, and all actions
10 within this litigation and over the parties to the Settlement Agreement, including all members of
11 the Class and the Defendants.
12   2.    For purposes of this Order, except as otherwise set forth herein, the Court adopts
13 and incorporates the definitions contained in the settlement agreement.
14   3.    Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court
15 (Saveri & Saveri Inc.), are appointed as counsel for the Class. Saveri & Saveri, Inc. has and will
16 fairly and competently represent the interests of the Class.
17   4.    Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the
18 following settlement class be certified:

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirator, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

22   5.    CRT Products refers to all forms of Cathode Ray Tubes. It includes CPTs,
23 CDTs and the finished products that contain them – televisions and monitors.
24   6.    The Court further finds that the prerequisites to a class action under Rule
25 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically
26 dispersed class members, making joinder of all members impracticable; (b) there are
27 questions of law and fact common to the class which predominate over individual issues;
28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH    1
PANASONIC  CV-07-5944-SC

1  (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of
2  the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and
3  have retained counsel experienced in antitrust class action litigation who have, and will
4  continue to, adequately represent the class; and (e) a class action is superior to individual
5  actions.

6  7. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9  8. This Court hereby dismisses on the merits and with prejudice the Action in favor of Panasonic and BMCC, with each party to bear their own costs and attorneys' fees.

12 9. The Panasonic and BMCC Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the settled claims as defined in the Agreement.

15 11. The notice given to the Class of the settlement was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

22 12. Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement

proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

13. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Judgments shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

14. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry Judgment, as a Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for Panasonic and BMCC.

IT IS RECOMMENDED.

Dated: December 17, 2012

_____
Hon. Charles A. Legge (Ret.)
Special Master

REVIEWED AND [APPROVED ~~OR MODIFIED~~]

Dated: Dec. 27, 2012

_____
Hon. Samuel Conti
United States District Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC CV-07-5944-SC    3