UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC <br><br> MDL No. 1917 <br><br> **REVISED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.** |
| This document relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | |

It is hereby ORDERED AND DECREED as follows:

The motion of the Indirect Purchaser Plaintiffs ("Plaintiffs") for preliminary approval of the proposed settlement with LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. (collectively "LG") is hereby GRANTED.

1. For purposes of the settlement with LG, the Court preliminarily finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to the Settlement Class. At this preliminary certification phase, and only for purposes of the settlement with LG, the Settlement Class is defined as follows:

NATIONWIDE CLASS:

All persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products[1] manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007. Specifically excluded from this Class are claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) for purposes of claims under 740 Ill. Comp. Stat § 10/7(2), Oregon natural persons (as defined by ORS 646.705 (2)) for purposes of claims under ORS § 646.775(1), and Washington persons (as defined by RCW 19.86.080) for purposes of claims under RCW 19.86.080 (1). Also specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

INDIRECT PURCHASER STATE CLASSES:

All persons and or entities in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York,

---

[1] CRT Products are defined in the settlement agreement to mean Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and products containing Cathode Ray Tubes.

North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who or which indirectly purchased for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007.

All persons and entities in Hawaii who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirators thereof, at any time from June 25, 2002 through at least November 25, 2007.

All persons and entities in Nebraska who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirators thereof, at any time from July 20, 2002 through at least November 25, 2007.

All persons and entities in Nevada who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirator thereof at any time from February 4, 1999 through at least November 25, 2007.

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

2. The Court concludes that, for the sole purpose of the settlement with LG, and without adjudication on the merits, the Settlement Class is sufficiently well-defined and cohesive to merit preliminary approval. Neither this Order nor any final order regarding the settlement with LG shall have any effect on any other issue with respect to the non-settling Defendants.

3. Pursuant to Rule 23(a) (1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

- 2 -
**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

4. For purposes of preliminary approval, the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether LG violated the Sherman Antitrust Act, 15 U.S.C. § 1, et seq., and the antitrust and/or various other laws of the following states: Arizona, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin and the District of Columbia.

5. The Court hereby approves the Plaintiffs named in the Fourth Consolidated Amended Complaint, filed January 10, 2013, as Representative Plaintiffs of the Settlement Class pursuant to Rule 23(a)(3), and finds that, for settlement purposes only, these Representative Plaintiffs' claims are typical of the claims of the Settlement Class. The claims of the Representative Plaintiffs and absent class members rely on the same legal theories and arise from the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise, maintain and/or stabilize prices of CRT Products sold in the United States.

6. The Court preliminarily finds that the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the Settlement Class members; (2) there appear to be no conflicts between or among the Representative Plaintiffs and the other Settlement Class members; (3) the Representative Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of antitrust law.

- 3 -
**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

7.      The Court preliminarily finds that, for purposes of this settlement only, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class under Rule 23(b)(3). Further, a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the litigation with respect to LG. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interest of the Settlement Class members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

8.      The Court hereby approves Mario N. Alioto and Trump, Alioto, Trump & Prescott, LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that this Settlement Class Counsel has and will fairly and adequately protect the interests of the Settlement Class.

9.      The Court finds that the proposed settlement with LG, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Settlement Class.

10.     The allocation and distribution of the Net Settlement Fund[2] shall be deferred until a later date when there might be additional settlement funds from other settling defendants to distribute. Plaintiffs shall propose a method of distribution at that time, which shall be subject to court approval. Until that time, any settlement funds not used to pay prior out of pocket expense or future litigation costs will accrue interest for the benefit of the Class.

---

[2] The Net Settlement Fund means the $25,000,000 settlement amount, plus interest, minus attorneys' fees, reimbursement of expenses, $5 million for a costs set-aside, and the costs of giving notice to class members and administration of the settlement fund, all of which shall be subject to court approval.

11. The Court approves the form and content of the Detailed Notice, attached hereto as Exhibit A, and the Summary Notice, attached hereto as Exhibit B.

12. The Court finds that the publication of the Detailed Notice on the internet along with copies of the Settlement Agreement, and the publication of the Summary Notice in various newspapers and/or magazines throughout the United States which will direct potential class members to the Detailed Notice constitutes the best notice practicable under the circumstances, is due and sufficient notice to the Indirect Purchaser Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

13. Within sixty (60) days from the date of this Order, Plaintiffs' counsel are hereby directed to cause the Summary Notice to indirect purchasers, substantially in the form attached hereto as Exhibit B, to be published in various newspapers and/or magazines throughout the United States. The Summary Notice shall direct interested parties to a website www.CRTSettlement.com, maintained by the settlement administrator, where the Detailed Notice, substantially in the form of Exhibit A attached hereto, will be provided.

14. All requests for exclusion from the Settlement Class must be postmarked no later than sixty (60) days from the date of publication of notice, and must otherwise comply with the requirements set forth in the Detailed Notice.

15. Any member of the Settlement Class who objects to the settlement must do so in writing. The objection must include the caption of this case, be signed, and be sent to the Court, Plaintiffs' Counsel, and Counsel for LG postmarked no later than sixty (60) days from the date of publication of notice and shall otherwise comply with the requirements set forth in the Detailed Notice.

16. Any member of the Settlement Class who wishes to speak at the Fairness Hearing must submit a letter notifying the Court, Plaintiffs' Counsel, and Counsel for LG postmarked no

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

later than sixty (60) days from the date of publication of notice, and shall otherwise comply with the requirements set forth in the Detailed Notice.

17. Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than LG, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude himself, herself or itself from the Settlement Class.

18. Within fifteen (15) days of the last day to object to the settlement, Plaintiffs' Counsel shall file with the Court and serve on the parties their responses to any objections to the settlement.

19. The Court will hold a Fairness Hearing on April 18, 2014 at 10:00 a.m., to determine the fairness, reasonableness, and adequacy of the proposed settlement with LG. Any member of the Settlement Class who follows the procedure set forth in the notices may appear and be heard at this hearing. The Fairness Hearing may be continued without further notice to the Settlement Class.

20. All briefs, memoranda and papers in support of final approval of the settlement, including an affidavit, or declaration of the person under whose general direction the publication of the Summary Notice and the Detailed Notice were made, showing that publication was made in accordance with this Order, and any request for costs set aside, shall be filed no later than twenty-one (21) days before the Fairness Hearing.

21. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1). The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and administration costs, as set forth in the Settlement Agreement.

1  22.  The Court grants Plaintiffs' Counsel the right to use up to $525,000 of the settlement fund for payment of the cost of notice(s) to potential members of the Settlement Class regarding the Settlement Agreement and related matters, and other costs and expenses reasonably incurred in connection with the administration of the Settlement Agreement (the "Administrative Expenses"), without the approval of the Court in each instance, so long as (a) the Administrative Expenses incurred or contracted for are reasonable and necessary to carry out the transactions contemplated by the Settlement Agreement, and (b) counsel for LG shall receive from Settlement Class Counsel a full accounting of all expenditures made in the event funds are returned to LG under the terms of the Settlement Agreement.

23.  The Notice Company, Inc. is approved to serve as Settlement Administrator for the Indirect Purchaser Settlement Class.

24.  The litigation against LG in this action is hereby stayed, pending further order of the Court.

SO ORDERED this 9th day of December, 2013.

_____
Hon. Samuel Conti
United States District Judge