# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC <br><br> MDL No. 1917 <br><br> [~~PROPOSED~~] **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT WITH LG ELECTRONICS INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.** |
| This Document Relates to: <br><br> All Indirect Purchaser Actions | |

Indirect Purchaser Plaintiffs' ("Plaintiffs") request for final approval of the settlement (the "Settlement") entered into with LG Electronics Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd.( collectively "Settling Defendant" or "LG") and preliminarily approved by this Court on December 9, 2013 ( the "Preliminary Approval Order") (*see* Docket Entry ("DE") 2248), came on for hearing before the Court on April 18, 2014. The Court has considered the relief requested, the papers filed in support of this

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMNT WITH LG ELECTRONICS INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.– Master File No. CV-07-5944-SC

motion and in support of the motion for preliminary approval (*see* DE 1933),[1] and all other arguments presented at the hearing. Due and adequate notice having been given, and good cause appearing therefor, it is:

**ORDERED, ADJUDICATED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of the request and all matters relating thereto, including all members of the Class.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement.

3. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following settlement class (the "Class") be certified:

NATIONWIDE CLASS:

All persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products[2] manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007. Specifically excluded from this Class are claims on behalf of Illinois persons (as defined by 740 ILCS 10/4 ) for purposes of claims under 740 Ill. Comp. Stat § 10/7(2), Oregon natural persons (as defined by ORS 646.705 (2)) for purposes of claims under ORS § 646.775(1), and Washington persons (as defined by RCW 19.86.080) for purposes of claims under RCW 19.86.080 (1). Also specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also

---

[1] A copy of the Settlement Agreement is attached as Exhibit 1 to the Declaration of Mario N. Alioto In Support Of Motion For Preliminary Approval Of Class Action Settlement With LG Electronics Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. *See* DE 1933-1.

[2] CRT Products are defined in the settlement agreement to mean Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and products containing Cathode Ray Tubes.

2

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMNT WITH LG ELECTRONICS INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.– Master File No. CV-07-5944-SC

excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

INDIRECT PURCHASER STATE CLASSES:

All persons and or entities in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who or which indirectly purchased for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007.

All persons and entities in Hawaii who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirators thereof, at any time from June 25, 2002 through at least November 25, 2007.

All persons and entities in Nebraska who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirators thereof, at any time from July 20, 2002 through at least November 25, 2007.

All persons and entities in Nevada who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirator thereof at any time from February 4, 1999 through at least November 25, 2007.

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal

3

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMNT WITH LG ELECTRONICS INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.— Master File No. CV-07-5944-SC

representative, heir or assign of any Defendant. Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

4. The Court further finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a) there are millions of class members and therefore joinder of all members is impracticable;

(b) there are questions of law or fact common to the class which predominate over individual issues;

(c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

(d) the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

5. The entity set out in Exhibit 1 attached hereto, has timely and validly requested exclusion from the Class and, therefore, is excluded.

6. Due and adequate notice of the Settlement was provided to the Class, including notice of the Settlement that was disseminated by publications in newspapers, Sunday supplements, direct mail and press releases, as well as postings on the website established for this case, www.CRTsettlement.com. Such notice was given in accordance with this Court's Preliminary Approval Order. *See* DE 2248. Such notice adequately advised the Class of the Settlement, of their right to exclude themselves from the Class or to object to the Settlement. The manner of giving notice provided in this case fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and constituted due and sufficient notice to all

4

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMNT WITH LG ELECTRONICS INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.─ Master File No. CV-07-5944-SC

persons entitled thereto.  A full and fair opportunity was provided to the members of the Class to be heard regarding the Settlement.

7. One objection to the Settlement was received from Jill K. Cannata. The objection is hereby overruled on the grounds that the objector is not a member of any Indirect Purchaser State Class and therefore lacks standing to challenge the Settlement. The filing by Donald Silvestri did not object to the approval of the Settlement but relates to the awarding of attorney's fees and expenses, which request is not currently before the Court.

8. The Settlement is, in all respects, fair, adequate and reasonable to the Class. Accordingly, the Court hereby grants final approval of the Settlement.

Dated: 04/18/2014

_____
Hon. Samuel Conti
United States District Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMNT WITH LG ELECTRONICS INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.– Master File No. CV-07-5944-SC