IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER RE: PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH THOMSON AND TDA DEFENDANTS |
| ALL DIRECT PURCHASER ACTIONS | |

Now before the Court is Direct Purchaser Plaintiffs' ("DPPs") motion for preliminary approval of a class action settlement with Defendants Thomson SA (now known as Technicolor SA) and Thomson Consumer Electronics, Inc. (now known as Technicolor USA, Inc.) (collectively, "Thomson"). ECF No. 3562 ("Mot."). The matter was initially set for hearing on March 20, 2015, which the Court rescheduled for April 3, 2015. The parties subsequently filed a stipulation seeking to move the rescheduled hearing, ECF No. 3808, but because the Court finds no hearing is necessary at this time, the hearing is VACATED and the stipulation is DENIED. See Civ. L.R. 7-1(b). Rather than decide the motion at this time, the Court

ORDERS the parties to meet and confer and file supplemental submissions addressing the Court's concerns.

The Court has three concerns about the current form of notice and notice plan.  First, the Court believes the summary notice should be published in more than just the Wall Street Journal.  The parties should meet and confer and agree on another national newspaper in which to publish notice and submit a revised proposed order to that effect.  Second, in light of a previous issue with the parties' notice website, www.CRTDirectPurchaserAntitrustSettlement.com, the Court requests an additional submission (in declaration from the claims administrator or in some other convenient form) assuring the Court that the "Frequently Asked Questions" and "Dates to Remember" pages will be updated promptly to reflect the opt-out deadline and other important deadlines related to this settlement.  See ECF Nos. 2698; 2698-1, at ¶ 10 & Ex. 6 (raising questions about whether these pages were updated promptly in a previous settlement).  Finally, for similar reasons, the Court finds that the first page of the notice should be edited to include the objection and opt-out deadlines and the date, time, and place of the fairness hearing.

///
///
///
///
///
///
///
///

2

The parties shall meet and confer and submit a revised form of notice, proposed order, supplemental declaration, and any other necessary documents within fourteen (14) days of the signature date of this order.

IT IS SO ORDERED.

Dated: March 26, 2015

UNITED STATES DISTRICT JUDGE