# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | Master File No. CV- 07-5944-SC<br><br>MDL No. 1917<br><br>**[PROPOSED]** ORDER GRANTING CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH THE THOMSON AND TDA DEFENDANTS<br><br>Date: ~~TBD~~ 10/23/15<br>Time: ~~TBD~~ 10:00 AM<br>Judge: Honorable Samuel Conti<br>Courtroom: 1 |

1 On February 13, 2015, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement with Thomson SA (now known as Technicolor SA) and Thomson Consumer Electronics, Inc. (now known as Technicolor USA, Inc.) (collectively "Thomson"); and Technologies Displays Americas LLC (formerly known as Thomson Displays Americas LLC) ("TDA") (collectively, "Settling Defendants"). The Court, having reviewed the motion, the settlement agreement, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement between Plaintiffs, Thomson, and TDA dated, February 6, 2015 ("Settlement Agreement").

2. The Court hereby gives its preliminary approval to the Settlement Agreement, subject to a hearing on the final approval of the Settlement Agreement (the "Fairness Hearing").

3. The Court finds that the settlement falls within the range of possible final approval and that there is a sufficient basis for notifying the class of the proposed settlement and for setting a Fairness Hearing.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following Settlement Class for settlement purposes only:

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT or a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

5. CRT Products refers to all forms of Cathode Ray Tubes (CRTs), as well as electronic devices that contain CRTs. It includes color picture tubes (CPTs), color display tubes (CDTs), monochrome display tubes, and the finished products that contain CPTs and CDTs – televisions and monitors. The Class definition encompasses those who bought a CRT Product directly from a Defendant and Co-Conspirator, even if the CRT contained therein was manufactured by an affiliated entity, principal, agent, or co-conspirator. The Settlement Class definition as set forth above and as

1

used in this order is for settlement purposes only. It has no binding effect on the Court or on the Non-Settling Defendants for any other purpose.

6. The Court further provisionally finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class which predominate over individual issues; (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions. Settling defendants will not be bound by the Settlement Class definition for any purpose other than this specific settlement with the direct purchaser class.

7. The Court hereby appoints the Plaintiffs named in the First Amended Direct Purchaser Plaintiffs' Class Action Complaint Against Mitsubishi and Thomson ("FAC"). *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Elec. Corp., et al.*, Case No. 14-CV-2058 (SC) (N.D. Cal.) (Dkt. No. 14-3), filed May 20, 2014, as Representative Plaintiffs of the Settlement Class.

8. The court appoints the law firm of Saveri & Saveri, Inc. to serve as Class Counsel for the Settlement Class.

9. The Court approves the form of the long form notice attached hereto as Exhibit A ("Long Form Notice"). The Court also approves the form of the summary notice attached hereto as Exhibit B ("Summary Notice"). The Court finds that taken together, mailing of the Long Form Notice (U.S. Mail or electronic mail), publication of the Summary Notice, and internet posting of the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Settlement Class members of the proposed settlement with Thomson/TDA and of their right to object or to exclude themselves as provided in the Settlement Agreements; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

10. Plaintiffs' claims administrator shall provide notice of the Thomson/TDA settlement to Settlement Class members. The claims administrator shall provide direct notice of the settlement to all

2

members of the Settlement Class on or before a date set 14 days from the entry of this Order. Such notice shall be sent either by first class U.S. mail postage prepaid or by electronic mail. The claims administrator shall publish the Summary Notice in the national editions of the *Wall Street Journal* and the *New York Times* on or before a date set 18 days from the entry of this Order. The Claims Administrator shall also cause a copy of the class notices and the Thomson/TDA Settlement Agreement to be posted on the internet website www.CRTDirectPurchaserAntitrustSettlement.com. In addition, on or before a date set 14 days from the entry of this Order, the Claims Administrator shall cause the "Frequently Asked Questions" and "Dates to Remember" pages of the website www.CRTDirectPurchaserAntitrustSettlement.com to be updated with all deadlines contained in this order as well as the Fairness Hearing date.

11. Each Settlement Class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the claims administrator no later than a date set, at least forty-five (45) days after mailing of the direct notice. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the Settlement Class member seeking exclusion. No later than fourteen (14) days after the date set for exclusions, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Settlement Class as provided in the Settlement Agreement. Settling Defendants retain all of their legal rights to assert any defense, including lack of federal antitrust standing, against any opt out plaintiff or other person not participating in the settlement.

12. Any Settlement Class member who does not properly and timely request exclusion from the Settlement Class as provided above shall, upon final approval of the settlement, be bound by the terms and provisions of the Settlement so approved, including but not limited to the releases, waivers, and covenants described in the agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

13. Each Settlement Class member who has not timely excluded itself from the settlement shall have the right to object to (1) the settlement, and/or (2) the plan of allocation by filing written

objections with the Court no later than a date set at least forty-five (45) days after mailing direct notice, copies of which shall be served on all counsel listed in the class notice. Failure to timely file and serve written objections will preclude a class member from objecting to the settlement.

14. Each class member as provided above shall have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later than a date set at least forty-five (45) days after mailing direct notice, copies of which shall be served on all counsel listed in the class notice.

15. The Court will conduct a Fairness Hearing on a date set ~~at least 120 days from the entry of this Order~~ at 10:00 a.m. The Fairness Hearing will be conducted to determine the following:

   See para. 21 a. Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval;

   b. Whether final judgment should be entered dismissing the claims of the class against Thomson and TDA;

   c. Approval of the plan of allocation;

   d. Such other matters as the Court may deem appropriate.

16. Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than the Settling Defendants and the entities defined as "Thomson Releasees" in the Settlement Agreement, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude itself from the Settlement Class.

17. All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than twenty-one (21) days before the Fairness Hearing.

18. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in each of the Settlement Agreements.

19. All further direct purchaser class proceedings as to Thomson and TDA are hereby stayed except for any actions required to effectuate the settlement.

///

///

///

4

20. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

Dated: 6/12/15    _____
Hon. Samuel Conti
United States District Judge

21. The fairness hearing will take place on Friday, October 23, 2015 at 10:00 AM in Courtroom 1, 17th Floor, San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102.