1  GEORGE JEPSEN
   ATTORNEY GENERAL OF CONNECTICUT
2  Assistant Attorney General Gary M. Becker
   55 Elm Street
3  Hartford, CT 06106
   Tel: 860-808-5040
4  Fax: 860-808-5391
   gary.becker@ct.gov
5
   and other State Attorneys General noted on
6  signature pages.

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12  IN RE:  CATHODE RAY TUBE (CRT)        Master File No. 3:07-cv-05944-JST
    ANTITRUST LITIGATION,
13                                        MDL No. 1917

14                                        **STATEMENT OF INTEREST OF THE**
                                          **STATES OF CONNECTICUT,**
15                                        **ALABAMA, ARKANSAS, COLORADO,**
                                          **DELAWARE, GEORGIA, KENTUCKY,**
16                                        **LOUISIANA, MARYLAND, OHIO,**
    This Documents Relates To:           **OKLAHOMA, PENNSYLVANIA, and**
17                                        **VIRGINIA**
    ALL ACTIONS
18                                        Hearing Date:  March 15, 2015
                                          Time:          2 P.M.
19                                        Courtroom:     Courtroom 9, 19th Floor
                                          Judge:         Honorable Jon S. Tigar
20                                        Special Master: Martin Quinn, JAMS

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

Cases                                                                          Page

3
4

*Illinois Brick v. Illinois*
    431 U.S. 720 (1977)…………………………….....................................    1

5

*In re Cellular 101, Inc.*
    539 F.3d 1150 (9th Cir. 2008)…………………………………………    2

6
7

*In re Auction Houses Antitrust Litig.*
    42 F. App'x 511 (2d Cir. 2002)……………………………………….    4

8

*In re Auction Houses Antitrust Litig.*
    No. 00 CIV. 0648 (LAK), 2001 WL 170792 (S.D.N.Y. Feb. 22, 2001)………..    3

9
10

*Jeff D. v. Andrus*
    899 F.2d 753 (9th Cir. 1989)………………………………………..    2

11

*McCluskey v. Rob San Servs., Inc.*
    443 F. Supp. 65 (S.D. Ohio 1977)…………………………………...    2

12
13

*Parish. v. Maryland & Virginia Milk Producers Ass'n*
    250 Md. 24, 101 (Md. 1968)…………………………………………    2

14

*Viera v. Cohen*
    283 Conn. 412 (Conn. 2007)…………………………………………    2

15
16

Statutes

17

28 U.S.C. § 1715(b)………………………………………………………..    1

18

28 U.S.C. § 1715(f)………………………………………………………..    1

19
20

Rules

21

Fed. R. Civ. P. 12(b)(6)……………………………………………………    2

22

Legislative History

23

S. REP. 109-14, 14-20, 28, 32-33, 35, 2005 U.S.C.C.A.N. 3, 17-21, 28, 31-32, 34…..    1

24
25
26
27
28

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA

(Master File No. CV-07-5944-JST)

1    The Attorneys General of the States of Connecticut, Alabama, Arkansas, Colorado,

2  Delaware, Georgia, Kentucky, Louisiana, Maryland, Ohio, Oklahoma, Pennsylvania, and Virginia

3  (the "Non-Repealer States") file this statement of interest under the Class Action Fairness Act

4  ("CAFA").  CAFA grants the state attorneys general the power to offer their perspective on final

5  approval of class settlements.  28 U.S.C. § 1715(b).  As Congress has explained, the primary

6  purpose of "requiring that notice of class action settlements be sent to appropriate state and

7  federal officials [is] so that they may voice concerns if they believe that the class action is not in

8  the best interest of their citizens." S. REP. 109-14, 5, 2005 U.S.C.C.A.N. 3, 6. "[N]otifying the

9  appropriate state and federal officials of proposed class action settlements will provide a check

10  against inequitable settlements in these cases" and "will also deter collusion between class

11  counsel and defendants to craft settlements that do not benefit the injured parties." *See* S. REP.

12  109-14, 14-20, 28, 32-33, 35, 2005 U.S.C.C.A.N. 3, 17-21, 28, 31-32, 34.

13    CAFA does not set up a timetable for such a statement to be filed before final approval, let

14  alone hinge the filing of such a statement on the deadline for filing objections.  *See* 28 U.S.C.

15  §1715(b).  The need for the state attorneys general to be heard in this Court only crystalized with

16  the filing of the Report and Recommendation in this case on the final approval of the Indirect

17  Purchaser Plaintiff settlements.[1]  Accordingly, the Non-Repealer States now respectfully submit

18  this Statement of Interest to assist this Court in evaluating the proposed settlements, and

19  allocation of settlement proceeds, of the Indirect Purchaser Plaintiffs.

20    The settlement proposed here assigns zero distribution to residents of states that have not

21  passed statutes or that do not have dispositive case law repealing the bar, instituted by the U.S.

22  Supreme Court in *Illinois Brick v. Illinois*, 431 U.S. 720, 729-35 (1977), on recovery of antitrust

23  damages by indirect purchasers.   At the same time, the proposed settlement compels a release of

24  these purported zero value claims, whether they be claims for damages or for equitable relief.

25  The Non-Repealer States filing this statement believe that such result is both unfounded and

---

[1] CAFA expressly provides that the states need not weigh in on any given settlement. *See* 28 U.S.C. § 1715(f).  Accordingly, it misplaces the role of CAFA to interpret the lack of any initial feedback from state attorneys general on these settlements as a factor supporting final approval.

1

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA

(Master File No. CV-07-5944-JST)

1  unfair.  It is at best an open question as to whether residents in Non-Repealer States may obtain

2  monies by way of the equitable remedies of disgorgement and restitution.  The Special Master

3  apparently believes that they may not, but the law is far from settled on that point, as the

4  objection filed by Cooper & Kirkham, P.C. on February 26, 2016 (Doc. # 4437) amply

5  demonstrates.

6  　　　　What is settled, however, is the fact that a release in a settlement is a contract between the

7  parties, construed and enforced as would be any other contract.  *See, e.g., Jeff D. v. And*rus, 899

8  F.2d 753, 759 (9th Cir. 1989)("An agreement to settle a legal dispute is a contract and its

9  enforceability is governed by familiar principles of contract law"); *McCluskey v. Rob San Servs.,*

10  *Inc.*, 443 F. Supp. 65, 68 (S.D. Ohio 1977)("Generally, a release is a contract, the validity of

11  which is to be determined by reference to the principles of contract law"); *Parish. v. Maryland &*

12  *Virginia Milk Producers Ass'n*, 250 Md. 24, 101 (Md. 1968)("A release, however, is a contract

13  and may be set aside for the same reasons for which any other contract may be avoided").   In

14  order for a release to be valid, there must be consideration.  *See Viera v. Cohen*, 283 Conn. 412,

15  428 (Conn. 2007)("A release acts like a contract and, as with any contract, requires consideration,

16  voluntariness and contractual capacity").  Without any distribution flowing to the residents of

17  Non-Repealer States, there is no consideration to support the release of claims flowing in the

18  other direction.   Simply put, if the defendants want a release from residents of Non-Repealer

19  States, then the release of those claims necessarily must have some value to them.  If so, they

20  should pay for that release.

21  　　　　Alternatively, if the claims of Non-Repealer State residents truly have no value, then the

22  question naturally arises -- why is a release of a valueless claim required at all?   Release is an

23  affirmative defense; it is waived if not pleaded and is not subject to resolution short of a summary

24  judgment.  *See In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008)("Settlement and

25  release is an affirmative defense and is generally waived if not asserted in the answer to a

26  complaint").  If the claims are truly barred by *Illinois Brick*, then that is the proper subject of a

27  motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which if granted will

28

2

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA

(Master File No. CV-07-5944-JST)

1    terminate the case in favor of the defendants far sooner than would pleading and proving the

2    affirmative defense of release.

3        A situation analogous to the instant case was presented to the courts in *In re Auction*

4    *Houses Antitrust Litig.*, No. 00 CIV. 0648 (LAK), 2001 WL 170792 (S.D.N.Y. Feb. 22, 2001)

5    *aff'd*, 42 F. App'x 511 (2d Cir. 2002). In that case, a consolidated price-fixing case against

6    auction houses Sotheby's and Christie's, the class action settlement distributed the recovery to all

7    consumers who had bought or sold through the defendant auction houses only in the United States

8    during the class period. However, the settlement also released claims of consumers who had

9    bought and sold through the auction houses outside the United States, without giving any

10    distribution at all to those consumers. Some consumers, who had claims based on auctions both

11    in and out of the United States, objected to this release. The district court observed that it had

12    already dismissed claims under the Sherman Act by consumers who asserted that they had been

13    damaged by price fixing in foreign auctions and opined:

14

15        Nor is there any reason to suppose that Mixed Class Members would be permitted
         to maintain suits based on foreign law to recover damages suffered in foreign
16        auctions in courts in this country, as any such claims almost certainly would be
         dismissed on the basis of the forum selection clauses in the terms and conditions
         employed by both Christie's and Sotheby's. Hence, Mixed Class Members would
17        not be required, as a condition of collecting settlement proceeds in this case, to
         give up anything of great value.

18

19    *Id.* at *11. Nonetheless, the district court also noted:

20

21        Defendants, the Court is told, bargained hard for this release. … Thus, there is at
         least some indication that the settlement fund defendants propose to create for the
22        benefit of the class has been enhanced, even if only in a very small way, by
         defendants' perception that they thereby would gain a benefit at the expense of
23        those with foreign auction claims.

24    *Id.* at *13. The district court concluded that "there is no reason why some class members should

25    be forced to give up something of value to enable other class members to benefit from a

26    settlement made richer at their expense," and that "an expanded release requires the allocation of

27    at least some of the settlement consideration to the holders of the claims prejudiced by the

28

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA

(Master File No. CV-07-5944-JST)

1    expansion . . . ." *Id*. at *12-13.  For that reason, the district court rejected the settlement.

2          In affirming the district court, the Second Circuit observed "[t]hat the impairment may be

3    slight is of no moment, as we cannot say that it is valueless (indeed, it obviously has value to the

4    Auction Houses that argue so strenuously for approval of it), yet it is exacted without any

5    compensation whatsoever." *In re Auction Houses Antitrust Litig.*, 42 F. App'x 511, 519 (2d Cir.

6    2002).  Moreover, this is not an issue that notice can cure. *Id.* ("[A]n unfair settlement should not

7    be approved even if both notice and representation were adequate").

8          The Non-Repealer States believe that the defendants cannot both eat their cake and have it

9    too.  Either the claims have value or they do not.  If they do have value, then defendants should

10   pay for their release.  If the claims have no value, then there is no need for a release.  The Non-

11   Repealer States submit that the simplest course of action is for the Court to require removal of the

12   release imposed on the residents of Non-Repealer States who are receiving no distribution.

13   Except as stated herein, the Non-Repealer States take no position on any other aspect of the

14   proposed settlement.  The Non-Repealer States, by submitting this CAFA Statement of Interest,

15   do not intend to appear in or become parties to this case.

16

17

18

19

20

21

22

23

24

25

26

27

28

4

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA

(Master File No. CV-07-5944-JST)

1

2     Dated: March 8, 2016                          Respectfully submitted,

3                                                   GEORGE JEPSEN
                                                    ATTORNEY GENERAL OF
                                                    CONNECTICUT
4
                                                      /s/ Gary M. Becker
5                                                   By: Gary M. Becker
                                                    Assistant Attorney General
6                                                   55 Elm Street
                                                    Hartford, CT 06106
7                                                   Tel: 860-808-5040
                                                    Fax: 860-808-5391
8                                                   gary.becker@ct.gov

9

10                                                  JEFF LANDRY
                                                    ATTORNEY GENERAL
                                                    STATE OF LOUISIANA
11
                                                    By: Stacie L. Deblieux
12                                                  Assistant Attorney General
                                                    Public Protection Division
13                                                  1885 North Third St.
                                                    Baton Rouge, LA 70802
14                                                  Tel: (225) 326-6400
                                                    Fax: (225) 326-6499
15                                                  Email: deblieuxs@ag.state.la.us

16

17                                                  JOHN E. FROSH
                                                    MARYLAND ATTORNEY GENERAL

18                                                  By: John Tennis
                                                    Assistant Attorney General
19                                                  Deputy Chief, Antitrust Division
                                                    200 St. Paul Place
20                                                  Baltimore, MD 21202
                                                    410-576-6470
21                                                  jtennis@oag.state.md.us

22

23                                                  MICHAEL DeWINE
                                                    ATTORNEY GENERAL OF OHIO

24                                                  By: Matthew K. McKinley
                                                    Assistant Attorney General
25                                                  Antitrust Section
                                                    150 East Gay Street, 22nd Floor
26                                                  Columbus, Ohio 43214
                                                    (614) 995-1090
27                                                  Matthew.Mckinley@OhioAttorneyGeneral.gov

                                              5
28    _____
      STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
      DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
      and VIRGINIA
                                                    (Master File No. CV-07-5944-JST)

1   Dated:  March 8, 2016

2

3                                      SAMUEL S. OLENS
                                       ATTORNEY GENERAL OF GEORGIA

4                                      By: Monica Sullivan
                                       Assistant Attorney General
5                                      40 Capitol Square, SW
                                       Atlanta, Georgia 30334-1300
6                                      (404) 651-7675
                                       (404) 656-0677
7                                      msullivan@law.ga.gov

8

9                                      MATTHEW P. DENN
                                       ATTORNEY GENERAL OF DELAWARE

10                                     By: Michael A. Undorf
                                       Deputy Attorney General
11                                     820 N. French St., 5th Floor
                                       Wilmington, DE 19801
12                                     (302) 577-8924
                                       Michael.Undorf@state.de.us
13

14                                     ANDY BESHEAR
                                       ATTORNEY GENERAL OF KENTUCKY
15
                                       By: Charles W. Rowland
16                                     Assistant Attorney General
                                       Office of Consumer Protection
17                                     1024 Capital Center Dr.  Ste. 200
                                       Frankfort, KY  40601
18                                     (859)696-5300
                                       Charlie.Rowland@ky.gov
19

20                                     MARK R. HERRING
                                       ATTORNEY GENERAL OF VIRGINIA
21
                                       By: Tyler T. Henry
22                                     Assistant Attorney General
                                       900 East Main Street
23                                     Richmond, Virginia 23219
                                       804-692-0485
24                                     thenry@oag.state.va.us

25

26

27
                                             6
28   STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
     DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
                                        and VIRGINIA
                                                          (Master File No. CV-07-5944-JST)

1    Dated:  March 8, 2016

2
                                            KATHLEEN G. KANE
3                                           ATTORNEY GENERAL OF
                                            PENNSYLVANIA
4
                                            By: Tracy W. Wertz
5                                           Chief Deputy Attorney General
                                            Antitrust Section
6                                           Pennsylvania Office of Attorney General
                                            14th Floor Strawberry Square
7                                           Harrisburg, PA 17102-1410
                                            (717) 787-4530
8                                           twertz@attorneygeneral.gov

9
                                            LESLIE RUTLEDGE
10                                          ARKANSAS ATTORNEY GENERAL

11                                          By: John Alexander
                                            Assistant Attorney General
12                                          323 Center Street, Suite 200
                                            Little Rock, Arkansas 72201
13                                          Office: 501.682.8063 │ Cell: 501.517.4032
                                            john.alexander@arkansasag.gov
14

15                                          SCOTT PRUITT
                                            OKLAHOMA ATTORNEY GENERAL
16
                                            By: Rachel A. Irwin
17                                          Assistant Attorney General
                                            313 N.E. 21st Street
18                                          Oklahoma City, Oklahoma 73105
                                            Telephone: (405) 522-1014
19                                          Facsimile:    (405) 552-0085
                                            Rachel.Irwin@oag.ok.gov
20

21                                          LUTHER STRANGE
                                            ATTORNEY GENERAL OF ALABAMA
22
                                            By: Billington M. Garrett
23                                          Assistant Attorney General
                                            501 Washington Avenue
24                                          Montgomery, AL 3610
                                            334-242-7300
25                                          bgarrett@ago.state.al.us

26

27
                                    7
28   ────────────────────────────────────────────────────
     STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
     DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
     and VIRGINIA
                                            (Master File No. CV-07-5944-JST)

1

Dated:  March 8, 2016

2

3

CYNTHIA H. COFFMAN
ATTORNEY GENERAL OF COLORADO

4

By: Jennifer H. Hunt

5

First Assistant Attorney General
Ralph L. Carr Colorado Judicial Center

6

1300 Broadway
Denver, Colorado 80203

7

Telephone: 720-508-6215
jennifer.hunt@coag.gov

8

9

10

11

12

Pursuant to Civil L.R. 5-1(i), the filer attests that concurrence in the filing of this

13

document has been obtained from each of the above signatories.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA

(Master File No. CV-07-5944-JST)