1  MICHAEL W. BIEN – 096891
   JEFFREY L. BORNSTEIN – 099358
2  JENNY S. YELIN – 273601
   ROSEN BIEN GALVAN & GRUNFELD LLP
3  101 Mission Street, Sixth Floor
   San Francisco, California 94105-1738
4  Telephone:  (415) 433-6830
   Facsimile:  (415) 433-7104
5  Email:      mbien@rbgg.com
               jbornstein@rbgg.com
6              jyelin@rbgg.com

7  Attorneys for Non-Party
   FINANCIAL RECOVERY SERVICES. INC.,
8  d/b/a FINANCIAL RECOVERY STRATEGIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,<br><br>This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | Master File No. CV-07-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: ECF No. 5695<br><br>Judge: Hon. Jon S. Tigar<br>Hearing Date: To Be Determined on the Papers |

[3510935.3]

Case No.: CV-07-5944-JST
REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

Financial Recovery Services, Inc. d/b/a Financial Recovery Strategies ("FRS") respectfully requests that the Court clarify the Order Granting Motion for Preliminary Approval (the "PAO") issued on March 11, 2020. *See* ECF No. 5695. As discussed more fully in the briefs filed by FRS, Spectrum Settlement Recovery, LLC and Crowell & Moring LLP in October 2019 regarding the treatment of claims filed after the December 7, 2015 filing deadline ("Late Claims"), *see* ECF Nos. 5588, 5608, 5609 and 5618, if the Court does not address the Late Claims issue now, the eventual distribution of the settlements will be further delayed while litigation continues regarding the treatment of Late Claims.

As the Court recognized, Rule 23(e)(2)(C)(i) requires the Court to consider "whether the Settlement 'improperly grant[s] preferential treatment to class representatives or segments of the class.'" PAO at 16-17 (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp.2d 1078, 1079 (N.D. Cal. 2007). Given that more than four years have now passed since the December 2015 claims filing deadline and that the delay in the distribution was not caused by Late Claims, the Court, to ensure the equitable treatment of all claimants in the 22 states who were harmed in the same way by Defendants' practices, should order either (a) that all claims filed as of the date of the PAO shall be considered timely and, if otherwise eligible, included in the distribution; or (b) if the Court is so inclined, all otherwise eligible claims filed by a new deadline set by the Court – for example, July 8, 2020, the date scheduled for Final Approval Hearing – shall be considered timely and be

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

[3510935.3]

Case No.: CV-07-5944-JST
REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

included in the distribution. Absent that clarification, the PAO could otherwise arbitrarily deny compensation for thousands of claimants whose claims have been processed over these last four-plus years.

DATED: March 13, 2020

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Jeffrey L. Bornstein*
    Jeffrey L. Bornstein

Attorneys for
FINANCIAL RECOVERY SERVICES. INC., d/b/a
FINANCIAL RECOVERY STRATEGIES